# EXHIBIT A

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2o1657-e

Jessica Dubuisson PLAINTIFF(S),

v.

Dimock Community health center DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Dimock community health Center (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Superior Court, 3 Pemberton Sq (address), by mail or in person, **AND** Boston MA 02108
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: 120 Bernier St apt 5 Lowell MA 01852

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy
[signature] 9/4/20

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 20-1657-E

Jessica Dubuisson
PLAINTIFF(S) (PRINT NAME CLEARLY)

vs.

Dimock community health center
DEFENDANT(S) (PRINT NAME CLEARLY)

COMPLAINT

Falsifying medical records and causing autism

## PARTIES

1. Plaintiff(s) reside(s) at 100 Bernier St apt 5  Lowell Ma, 01852
   Street                              City or Town
   in the County of Middlesex

2. Defendant(s) reside(s) at 55 Dimock St   Boston, Ma 02119
   in the County of Suffolk
                              Street              City of Town

## FACTS

3. _____ * SEE ATTACHED _____

_____
_____
_____
_____
_____

4.  Answer this question **only** if you are seeking a restraining order against the defendant(s):

Have there been any other Court proceedings, criminal or civil, involving you or your family members and the defendant or defendant's family members?

Yes_____   No_____

If Yes, describe the Court proceeding(s) and its/their status. _____

_____
_____
_____

WHEREFORE, plaintiff demands that:
Dimick Community health center should be held accountable for causing Mason Dubuisson Neurological Disorder and falsifying his medical records.

SIGNED UNDER THE PENALTIES OF PERJURY.

DATE: July 29, 2020

Signature of Plaintiff(s)
100 Bernier St apt 5
**Street Address**
Lowell MA
**City/Town**
978-770-5085
**Telephone**

20 1657-E

Jessica Dubuisson                                July-25-2020

Falsifying Medical Records and Causing a Neurological Disorder Autism

On January/14/2013 Mason Dubuisson started going to Dimock Community Health Center in Roxbury. He received most of his vaccines at Dimock Community Health Center, especially the ones when he started showing signs of Autism. Mason Dubuisson vaccine records are not accurate for multiple vaccines and for multiple hospitals. The Dtap and mmr are the ones on his medical records noted to cause Autism and there is a discrepancy on the amount that was given for those vaccines. By law in Massachusettes all vaccine records have to be accurate and when I spoken to them about his vaccine records they said it must have generated wrong by the computer, but happened multiple times. Mason started showing signs of Autism around 8-9 month old, he was saying mom and dad then around the time he got vaccinated he stop.(which is noted on his Boston Medical Center records). Mason Dubuisson received Early Intervention on Aug/2014 and was Diagnosed with Autism by Boston Childrens Hospital Kerry Morris a Psychologist at 21 months old. I had Mason Dubuisson get genetic, enviomental and Mitochodrial tested to rule out if it caused his Autism, They were all negative to causing his Autism.

Mason Dubuisson was hitting mildstones and then all of a sudden he stop communicating. I knew something was wrong because it happened around the time he was vaccinated. There is a discrepancy with his vaccine records and I researched about Autism because I felt I wasent educated properly about Autism from his doctors. Then I found out the is vaccine court for Autism proceeding, but they tell everyone that vaccines don't cause Autism. Autism is a Neurological Disorder and vaccines can cause Neurological Disorders(will have proof at court proceedings). Mason has been genetic tested and family generation tested to see if it contributed to his Autism he was negative for all and espically the family generation to see if he has neurological Disorder in his family. (will have proof at court proceedings). I wasent made aware by Dimock Community Health Center in Roxbury MA that I could filed for compensation in vaccine court when they found out he has Austism. They made me miss the deadline for vaccine court and didn't tell me to rule out things that could have contributed to his Autism. They need to be held accountable for causing Mason Dubuisson Autism and not making me aware that Autism can be caused by vaccination.

# CIVIL ACTION COVER SHEET

DOCKET NUMBER: 20-1657-E

**Trial Court of Massachusetts
The Superior Court**

PLAINTIFF(S): Jessica Dubuisson
ADDRESS: 100 Bernier St apt 5
Lowell MA, 01852

COUNTY:

DEFENDANT(S): Dimock community health center
ADDRESS: 55 Dimock St Boston, MA 02119

ATTORNEY:
ADDRESS:
BBO:

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

CODE NO.: B99
TYPE OF ACTION (specify): other tortious records
TRACK: A
HAS A JURY CLAIM BEEN MADE? ☐ YES ☐ NO

*If "Other" please describe: also Falsifying medical records and Causing Neurological Disorder

Is there a claim under G.L. c. 93A? ☐ YES ☐ NO
Is this a class action under Mass. R. Civ. P. 23? ☐ YES ☐ NO

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .......... $
  2. Total doctor expenses .......... $
  3. Total chiropractic expenses .......... $
  4. Total physical therapy expenses .......... $
  5. Total other expenses (describe below) .......... $
  Subtotal (A): $

B. Documented lost wages and compensation to date .......... $
C. Documented property damages to date .......... $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages .......... $
F. Other documented items of damages (describe below) .......... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: [signature]
Date: July/29/2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X
Date:

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2084CV01657 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Dubuisson, Jessica vs. Dimock Community Health Center | | Michael Joseph Donovan, Clerk of Court |
| TO: | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                              DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/27/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 11/27/2020 | |
| All motions under MRCP 12, 19, and 20 | 11/27/2020 | 12/28/2020 | 01/25/2021 |
| All motions under MRCP 15 | 11/27/2020 | 12/28/2020 | 01/25/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/25/2021 | | |
| All motions under MRCP 56 | 06/24/2021 | 07/26/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/22/2021 |
| Case shall be resolved and judgment shall issue by | | | 07/29/2022 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED 07/29/2020 | ASSISTANT CLERK Philip Drapos | | PHONE (617)788-8144 |
|---|---|---|---|

Date/Time Printed: 07-29-2020 13:04:48                                                                                              SCV026\ 08/2018

## DETERMINATION REGARDING FEES AND COSTS

Court: Superior Court

Case Name and Number: 20-1657-E

Name of Applicant: Jessica Dubuisson

Address: 100 Bernier St apt 5 (Street and number) Lowell (City or Town) Ma, 01852 (State and Zip)

### FORTHWITH DETERMINATION BY CLERK (Register, Recorder)

☑ **ALLOWED FORTHWITH.** The applicant's affidavit appears regular and complete on its face, indicates that the applicant is indigent, and requests waiver, substitution or payment by the Commonwealth of normal fees and costs only. Pursuant to G. L. c. 261, § 27C(2), the application is therefore ALLOWED forthwith without hearing, and the normal fees and costs indicated in the application are:

☑ waived in full        ☐ to be paid by the Commonwealth in the amount of $

☐ **REFERRED TO A JUDGE.** The applicant's affidavit does not satisfy all the conditions of § 27C(2), and is therefore referred to a judge pursuant to § 27C(3), because:

☐ The affidavit is not regular and complete on its face.

☐ The affidavit does not indicate that the applicant is indigent within the meaning of § 27A.

☐ The affidavit requests waiver, substitution or payment by the Commonwealth of extra fees and costs.

Comments:

Describe fees and costs waived: FILING, SERVICE + COPIES

Date: 7/20/20    Clerk-Magistrate/Assistant Clerk (register, recorder/assistant) FIRST

X [signature]

### DETERMINATION BY JUDGE  ☐ after hearing  ☐ without hearing

### NORMAL FEES AND COSTS

☐ The application is ALLOWED with respect to the normal fees and costs indicated in the application, and they are ordered:

☐ waived in full.   ☐ to be paid by the Commonwealth in the amount of $ 275 + Service